### In re CRAIN.

(Circuit Court, D. Massachusetts. December 31, 1897.)

#### No. 679.

1. COURTS-MARTIAL—REVIEW BY HABEAS CORPUS.
   In habeas corpus proceedings to review the sentence of a court-martial, the only questions which can be inquired into are as to the jurisdiction of the court over the person of the accused and the offense charged, and whether it acted within the scope of its lawful powers.

2. SAME—AUTHORITY TO CONVENE—PRESUMPTIONS.
   The designation of an officer in the proceedings of a naval court martial as "commander in chief" raises the presumption, under article 243 of the regulations for the government of the navy, that he was in command of a fleet or squadron, and was therefore a proper officer to convene the court.

3. SAME—RECITALS OF RECORD.

A recital in the precept forming part of the record of a court-martial, that it was convened by virtue of express authority vested in the officer convening the same by the president of the United States, is sufficient evidence of such authority in habeas corpus proceedings.

4. SAME—ORDER CONVENING.

The order of an admiral designating the officers to compose a general court-martial constitutes a summons, within the meaning of Rev. St. art. 39, § 1624. The fact that by a subsequent order a change is made as to one of the members of the court is immaterial.

5. SAME—FURNISHING ACCUSED WITH CHARGES.

Where the record of a court-martial shows that the accused stated at the beginning of the trial that he had received a copy of the charges and specifications against him, and no objection on that ground was made at the trial, it will be presumed that they were served as required by the statute.

This was a petition for a writ of habeas corpus by Jesse G. Crain, bringing before the court for review the proceedings of a naval court-martial.

Chas. H. Drew, for petitioner.
Boyd B. Jones, U. S. Atty.

COLT, Circuit Judge. Upon careful consideration, I find no sufficient reason for granting this petition. The briefs of petitioner's counsel touch upon many points which cannot properly be considered in the present application. This case is not before the court on writ of error, where the whole proceedings of the trial court might be reviewed; nor can this court question the sentence of the court-martial provided it was a legal sentence. The questions for review in this proceeding are limited.

In Johnson v. Sayre, 158 U. S. 109, 118, 15 Sup. Ct. 777, the supreme court, speaking through Mr. Justice Gray, said:

"The court-martial having jurisdiction of the person accused, and of the offense charged, and having acted within the scope of its lawful powers, its decision and sentence cannot be reviewed or set aside by the civil courts, by writ of habeas corpus or otherwise."

The fundamental inquiry is whether the court-martial has jurisdiction, and this must appear affirmatively in the record of the proceedings before that court. The petitioner was a coxswain in the United States navy at the time of the alleged offense. There can be no question, therefore, but that he was subject to the jurisdiction of a legally constituted court-martial.

Whether this court-martial was legally constituted, and proceeded according to law, are the only material points in the case. It is contended that Admiral Bunce was not such an officer as was qualified to convene a court-martial, within the meaning of article 38 of section 1624 of the Revised Statutes, for the reason that he was not a commander in chief of a fleet or squadron, as required by said article, but was designated in the proceedings of the court-martial as "Commander in Chief U. S. Naval Force, North Atlantic Station." Referring to "Regulations for the Government of the Navy of the United States, 1896" (article 243), we find the following language:

"The title 'Commander in Chief,' when occurring in naval laws, regulations, and other documents, shall be held to refer to the officer in chief command of a fleet or squadron."

Admiral Bunce was designated as commander in chief, and, by the regulations of the naval department, must be presumed to have been in command of a fleet or squadron.

The objection is also made that the record in this case does not show that the court was convened by any "express authority" from the president, as required by article 38. The precept forming part of the record of the court-martial reads as follows:

"By virtue of the express authority vested in me by the president of the United States, in accordance with the provisions of article 38, section 1624, title 15, chapter 10, of the Revised Statutes of the United States, a general court-martial is hereby ordered to convene," etc.

This allegation of the authority of Admiral Bunce to order a court-martial for the trial of the petitioner we deem sufficient. No objection to his authority having been raised during the trial, we do not think it was necessary to attach to the record of the court-martial a copy of his commission from the president.

Article 39 of section 1624 of the Revised Statutes, which requires that as many officers, not exceeding thirteen, as can be convened without injury to the service, shall be summoned on every general court-martial, was fully complied with. Admiral Bunce, in his letter to Captain Wise, designated eight officers who were to compose the court, and this communication expressly stated that no other officers could be summoned without manifest injury to the service. The order of Admiral Bunce to Captain Wise designating the members of the court was a summons, within the meaning of the statute. The fact that Admiral Bunce subsequently, in another letter to Captain Wise, substituted Lieutenant Berry in place of Lieutenant Comly as a member of the court-martial, is immaterial.

Article 43 provides that the accused shall be furnished with a true copy of the charges against him, with the specifications at the time he is put under arrest, and that he shall be tried on no others. It is contended that the record in this case does not show a compliance with this provision. The record shows that the accused, in reply to an inquiry of the judge advocate, stated that he had received a copy of the charges and specifications preferred against him; but it does not appear that such copy was served upon him at the time of his arrest. Upon this point the supreme court held, in Johnson v. Sayre, ubi supra, that the word "arrest," in article 43, meant "arrested for trial." In this case the petitioner admitted at the beginning of the trial that he had received a copy of the charges and specifications, and, in the absence of any objection on his part or on the part of his counsel at that time, it must be presumed that he had reasonable notice of the same.

The original order of Admiral Bunce directed the court to convene on board the United States ship Maine, at 10 a. m. on Monday, January 11, 1897, or as soon thereafter as practicable. Subsequently, on January 22d, Admiral Bunce issued a second order directing that the court convene on board the United States Steamship Montgomery as

soon as practicable after her arrival at Hampton Roads. The court met on January 25, 1897. We are unable to discover any irregularity or anything which was prejudicial to the petitioner in changing the date of the trial. Upon a careful review of the whole record, we find nothing which warrants the court in granting the prayer of the petitioner. Petition denied.